IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. FRANKLIN JR., <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF HEALTH & HUMAN SERVICES, <br><br> Defendant. | **8:21CV87** <br><br> **FINDINGS, RECOMMENDATION, AND ORDER** |

This case is before the court on the motion to dismiss filed by Defendant Nebraska Department of Health and Human Services (Filing No. 19) and the motion to amend filed by pro se Plaintiff Michael L. Franklin, Jr. (Filing No. 47). For the reasons discussed below, the motion to dismiss should be granted and the motion to amend will be denied.

## DISCUSSION

Defendant moved to dismiss Plaintiff's complaint, arguing that this court lacks subject matter jurisdiction over the claims alleged. Plaintiff has made several attempts to bolster and/or supplement his operative pleading to assert additional damages.

In pro se cases, the court may consider an amended pleading as supplemental to, rather than as superseding, the original pleading. NECivR 15.1. Thus, the court has considered an amalgam of documents in this case in order to fully credit Plaintiff's attempt to plead his claims. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (determining that documents filed pro se are to be liberally construed). Applying the foregoing principles, the court considers the combination of

documents found at Filing Nos. 1, 6, 7, and 8 to collectively form the operative pleading. Thus, in evaluating Defendant's motion to dismiss, Filing No. 19, the court has considered the allegations raised collectively in Plaintiff's relevant filings.

However, even having liberally construed Plaintiff's filings and considered them in combination, Plaintiff has not pleaded a sufficient basis to invoke this court's subject matter jurisdiction. As a result, his claims must be dismissed.

A.      Standard of Review

Federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986) (citing Marbury v. Madison, 5 U.S. 137 (1803)). The federal district courts have original jurisdiction over questions of federal law, pursuant to 28 U.S.C. § 1331, or when exercising "diversity jurisdiction," pursuant to 28 U.S.C. § 1332. The party asserting subject matter jurisdiction in the federal courts bears the burden of proving that jurisdiction is proper. Compart's Boar Store, Inc. v. United States, 829 F.3d 600, 604 (8th Cir. 2016); Arkansas Blue Cross & Blue Shield of Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).

Fed. R. Civ. P. 12(b)(1) permits dismissal for lack of subject matter jurisdiction. On a motion to dismiss under Rule 12(b)(1), the standard of review depends on whether the defendant is making a facial attack or factual attack to the court's jurisdiction. Stalley v. Cath. Health Initiatives, 509 F.3d 517, 520–21 (8th Cir. 2007). Where, as here, a defendant makes a <u>facial</u> attack to the court's subject matter jurisdiction, the court must "accept as true all factual allegations in Plaintiff's complaint, giving no effect to conclusory allegations of law," and determine whether the plaintiff's alleged facts "affirmatively and plausibly suggest" that jurisdiction exists. Stalley, 509 F.3d at 521. The court's review is limited to the face

2

of the pleadings. Branson Label. Inc. v. City of Branson, Mo., 793 F.3d 910, 914 (8th Cir. 2015).

      B.     Diversity Jurisdiction

Plaintiff's complaint alleges the court has diversity jurisdiction over this lawsuit. Diversity jurisdiction exists when an action is between completely diverse parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). The diversity jurisdiction statute applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state...; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state... as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). And, diversity jurisdiction is properly invoked only if each party falls into one of the categories in 28 U.S.C. § 1332(a). Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1005 (9th Cir.2001) (citation omitted).

States themselves do not fall into any of these categories. States are clearly not foreign states or citizens or subjects thereof. And, a state is not a citizen of itself for the purpose of diversity jurisdiction. Moor v. Alameda Cty., 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) (citing Postal Tel. Cable Co. v. Alabama, 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231 (1894)). The Supreme Court has previously addressed the scope of the diversity statute and found that when a state is a real party in interest to a lawsuit, its "presence as a party will destroy complete diversity." Mississippi ex rel. Hood v. AU Optronics Corp., 134 S.Ct. 736, 745 (2014) (citing Mo., Kan. & Tex. Ry. Co. v. Hickman, 183 U.S. 53, 58–59, 22 S.Ct. 18, 46 L.Ed. 78 (1901)). The same is true for "the arm or alter ego" of a state because an action by or against "the arm or alter ego" of a state is

3

in effect by or against the state itself. State Highway Comm'n of Wyo. v. Utah Const. Co., 278 U.S. 194, 198–99, 49 S.Ct. 104, 73 L.Ed. 262 (1929).

Here, Plaintiff has named the Nebraska Department of Health and Human Services as the sole defendant. The question, then, is whether the department constitutes a mere "arm" or "alter ego" of the State of Nebraska. The alter ego status of an agency turns on the degree of autonomy it possesses, as defined by state law. Moor v. Cty. of Alameda, 411 U.S. 693, 717 (1973); see also Ind. Port Comm'n v. Bethlehem Steel Corp., 702 F.2d 107, 109 (7th Cir.1983) (determining diversity jurisdiction present only if state-created entity "is distinct and separate" from the state itself). When analyzing a state department's status as an arm or alter ego of the state, the court considers "the agency's capacity to sue and be sued, the extent to which an agency has autonomy over its operations, whether the agency performs a traditional governmental function, and whether a judgment against an agency would be paid from the state treasur[y]." Bd. of Regents of Univ. of Nebraska v. ACIC (Canada), Inc., 1991 WL 780010, at *1 (D. Neb. Apr. 22, 1991).

Applying that standard, the defendant department is clearly an arm of the state. The Nebraska Department of Health and Human Services was statutorily created "for the purpose of aiding the Governor [of Nebraska] in the execution and administration of the laws[.]" Neb. Rev. Stat. § 81-101. It is run by state employees. Its funding is set by, and subject to, the approval of the Governor of Nebraska. Neb. Rev. Stat. § 81-104. And a judgment against the department would be paid by the state. Cf. Akeredolu v. E. Nebraska Veterans Home, 2016 WL 386038, at *1 (D. Neb. Feb. 1, 2016).

The court therefore finds that the Nebraska Department of Health and Human Services is an arm and/or alter ego of the State of Nebraska. Its presence

as a party destroys diversity jurisdiction under Section 1332(a). Mississippi ex rel. Hood, 134 S.Ct. at 745.[1]

### C. Federal Question Jurisdiction

Plaintiff asserts this court has diversity jurisdiction, but since he is appearing in the forum pro se, the court will liberally construe the complaint and also consider whether federal question jurisdiction exists.

Plaintiff's initial "well-pleaded complaint" establishes federal question jurisdiction through one of two means. Williams v. Ragnone, 147 F.3d 700, 702 (8th Cir.1998) (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983)). First, federal question jurisdiction exists when "federal law creates the cause of action." Id. Conversely, federal question jurisdiction may also rest if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).

Plaintiff's complaint cannot be read to invoke a federal question under either methodology. None of Plaintiff's theories of recovery is couched in federal law. Indeed, Plaintiff does not argue that any federal question is asserted. Instead, he has made various state law contract and tort claims. However, "plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." Peters v. Union Pac. R. Co., 80 F.3d 257, 260

---

[1] Plaintiff has variously demanded either a billion or a trillion dollars in damages throughout his supplemental filings and attempts to amend his complaint. The court will not examine the damages demand. Since complete diversity is lacking, the amount in controversy is irrelevant.

(8th Cir. 1996). Accordingly, the court must evaluate, based on the elements of the state-law claim alleged, whether any claim necessarily depends on resolution of a substantial question of federal law. Id.

Here, even when read as broadly as possible, no claim appears to implicate any federal issue. While Plaintiff's complaint includes a vague and conclusory statement that he was discriminated based on race, Plaintiff alleges no specific facts to identify the basis for asserting Defendant's alleged conduct violated any federal law. Liberally construed and restated, Plaintiff's claims are all premised on a theory that Defendant (or employees of the defendant department) made false statements about Plaintiff that in turn damaged his business prospects and reputation. The court has considered the substance of Plaintiff's claims and finds Plaintiff has not alleged any claim arising under federal law or implicating any substantial federal issue. As a result, Plaintiff has not alleged a basis for federal question jurisdiction pursuant to Section 1331.[2]

D.  Motion to Amend

The court lacks subject matter jurisdiction over this suit, and Plaintiff's proposed amended complaint does not correct the jurisdictional defect.[3] Therefore, Plaintiff's motion to amend his complaint will be denied. In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007) ("when a court denies leave to

---

[2] As discussed above, the court finds that there is no complete diversity of parties and no federal question raised. Therefore, the court is without jurisdiction and need say no more. In the interest of completeness, however, the court also notes that this suit appears, based on a review of its face, to be barred by the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 1355 (1974) ("Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

[3] While the proposed amended complaint alleges the State failed to pay overtime wages to Plaintiff, the complaint alleges Plaintiff was a contractor for the state. Plaintiff does not allege that he was or could be considered a state employee. So, Plaintiff's proposed "unpaid wages" claim cannot be construed as an action to recover unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C.A. §§ 201 *et seq.*

amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion"); see also Briks v. Yeager, 789 F. App'x 562 (8th Cir. 2020) (determining that, where district court finds lack of subject matter jurisdiction, it did not abuse its discretion in denying leave to file a second amended complaint as futile where the new pleading did not correct the jurisdictional defects).

E.     Conclusion

Plaintiff, the party asserting jurisdiction, has not established the existence of either diversity or federal question jurisdiction over his claims. Therefore, the court is without original jurisdiction to preside over this matter, and it should be dismissed. Plaintiff's attempt to amend his complaint does not correct any of the defects barring jurisdiction. Plaintiff's motion to amend will be denied.

IT IS RECOMMENDED to the Honorable Joseph F. Bataillon, Senior United States District Judge, that Defendant's Motion to Dismiss (Filing No. 19) be granted and that this case be dismissed without prejudice.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that Plaintiff's Motion to Amend (Filing No. 47) is denied.

Dated this 8th day of November, 2021.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge
