IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL L. FRANKLINJR.,

    Plaintiff,

vs.

DEPARTMENT OF HEALTH & HUMAN SERVICES,

    Defendant.

**8:21CV87**

**ORDER**

Plaintiff moves for my recusal due to alleged bias and a conflict of interest. (Filing No. 51). For the following reasons, the motion will be denied.

## DISCUSSION

Every judicial officer must satisfy herself that she is unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification

bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003).

"[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d at 370. A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)). But she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C, 153 F.3d 520, 523 (8th Cir. 1998). As the legislative history of 28 U.S.C. §455 explains, disqualification for lack of impartiality must have a reasonable basis. Nothing in this legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants should not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice. House Report No. 93-1453, adopting Senate Report No. 93-419, 3 U.S.Code Cong. & Admin. News, 93rd Cong., 2d Sess. 1974, pp. 6351-6363 at 6355.

Plaintiff argues I must recuse myself because of my "continuing demonstrable prejudice against him." He claims I have accused Plaintiff of "bragging and being boastful with no proper evidence" to support this claim, and I have "attacked the plaintiff personally." Plaintiff further states that I have "some type of personal relationship with the defendant." (Filing No. 51).

I have never talked to the parties, including Plaintiff. So, my only statements regarding this case or the plaintiff are in writing. None of my written rulings, including the findings and recommendation of dismissal for lack of subject matter jurisdiction, (Filing No. 48), have attacked the plaintiff or accused him of bragging. And I have no

2

personal relationship with the Nebraska Department of Health and Human Services, or anyone who works for that state entity.

I am not biased, for or against, any of the parties to this case. Moreover, "a reasonable observer who is informed of all the surrounding facts and circumstances" would not conclude that I am unable to fairly consider and rule on the issues. The plaintiff's motion to recuse will be denied.

Accordingly,

IT IS ORDERED that Plaintiff's motion for recusal, (Filing No. 51), is denied.

Dated this 16th day of November, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge