IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. FRANKLIN JR.,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HEALTH & HUMAN SERVICES,<br><br>Defendant. | 8:21CV87<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Nebraska Department of Health and Human Services' ("DHHS") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Filing No. 19. This Court has reviewed the briefs in support and opposition to this motion. Filing Nos. 20, 22, 27, 28, 29, 30, and 38. Michael L. Franklin Jr. ("Mr. Franklin"), the pro se plaintiff, alleges claims of defamation, breach of contract, tortious interference, unfair business practices, bad faith, and emotional distress in connection with DHHS's denial of his enrollment to participate in the Nebraska Medical Assistance Program as a service provider. For the below reasons, this Court finds that this case must be dismissed.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive' matters are covered by § 636(b)(1)(B). Gomez v. United States, 490 U.S. 858, 873-74 (1989); see also Fed. R. Civ. P. 72(a). On review of a decision of a magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or

1

contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a). The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential. Roble v.Celestica Corp., 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). With respect to dispositive motions, a magistrate judge lacks authority to do anything but make recommendations, which are subject to de novo review. United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1).

This Court has reviewed the Findings and Recommendations of Magistrate Judge Cheryl Zwart and Mr. Franklin's Objection. Filing No. 48, Findings, Recommendation, and Order; Filing No. 49, Objection to Findings and Recommendation. This Court adopts the Findings and Recommendations in its entirety for the reasons discussed below.

I.  BACKGROUND

Mr. Franklin alleges he is the CEO of Almost Family Personal Care. Filing No. 16, Amended Complaint at 2. He further alleges that, in or around 2013, a DHHS employee left a voicemail on Mr. Franklin's telephone stating that Mr. Franklin had engaged in fraudulent billing practices. *Id.* Mr. Franklin allegedly attempted to disprove the claim of fraudulent billing to a DHHS official but was unsuccessful. *Id.* Mr. Franklin asserts that DHHS making these allegedly false statements constitutes defamation. *Id.* at 3–4. As penalty for the fraudulent billing practices, DHHS terminated a purported agreement with Mr. Franklin and barred him from becoming a service provider for a period of ten years. *Id.* at 3. Mr. Franklin contends that this termination was based upon "wrongful allegations" and thus constitutes a breach of contract. *Id.* at 4.

Mr. Franklin further alleges that, in or around 2019, a DHHS employee publicly made false statements about Mr. Franklin and the professionalism of his advertising. *Id.*

at 3; Filing No. 6, Supplement at 1. Mr. Franklin claims that, in or around 2019, DHHS also violated its Service Provider Agreement with him when it rescinded approval of the agreement and denied his request for enrollment as a service provider. Filing No. 16, Amended Complaint at 3; Filing No. 27, Letter from DHHS at 2. Mr. Franklin asserts that this recission constitutes a breach of contract, that DHHS's actions and statements constitute tortious interference and unfair business practices, and that DHHS acted in bad faith, which resulted in Mr. Franklin suffering emotional distress. Filing No. 16, Amended Complaint at 4, 6–7. As relief, Mr. Franklin seeks damages exceeding one-billion dollars. *Id.* at 1–2. On June 21, 2021, DHHS filed a motion to dismiss this case for lack of subject matter jurisdiction. Filing No. 19, Motion to Dismiss at 1.

II.  LAW

   A.  Fed. R. Civ. P. 12(b)(1)

Jurisdiction is a threshold issue for this Court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Federal courts can properly assert jurisdiction under 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*,

263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). Additionally, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction to exist. 28 U.S.C. § 1332(a). In addition to diversity of citizenship jurisdiction, subject matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. Northwest South Dakota Prod. Credit Ass'n v. Smith, 784 F.2d 323, 325 (8th Cir.1986).

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject-matter jurisdiction." Id.

B. Eleventh Amendment Sovereign Immunity

A federal court lacks subject matter jurisdiction in cases where such claims are barred by the Eleventh Amendment. Cernik v. Nebraska, No. 4:10CV3133, 2010 WL 4053609, at *1, n. 2 (D. Neb. Oct. 14, 2010) (quoting Jones v. United States, 255 F.3d 507, 511 (8th Cir. 2001)). The State of Nebraska ("State") and its agencies are entitled to Eleventh Amendment sovereign immunity from suits in tort, unless it waives such immunity. See U.S. CONST. amend. XI. The Nebraska Legislature has waived sovereign immunity for certain, but not all, types of torts against the State and its agencies. See Neb. Rev. Stat. 81-8,209 et seq. This waiver does not extend to claims arising out of certain intentional torts. Neb. Rev. Stat. § 81-8,219(4). The Nebraska Supreme Court has read this intentional tort exception in Nebraska's State Tort Claims Act ("STCA") to mean that both intentional torts and all claims that would not exist without the intentional

tort are not subject to the State's waiver. *Moser v. State*, 948 N.W.2d 194, 202 (2020). Defamation is an intentional tort within the intentional tort exception to the STCA. Neb. Rev. Stat. § 81-8,219(4) ("The [STCA] shall not apply to . . . libel, [or] slander.").

The State's waiver also does not apply to actions maintained in federal court. The STCA grants exclusive jurisdiction over such tort claims to "the district court of the county in which the act or omission complained of occurred." Neb. Rev. Stat. § 81-8,214. Thus, any waiver of the State's sovereign immunity in the STCA "'does not extend to actions brought in federal court.'" *Gills v. Frakes*, No. 4:21CV3004, 2021 WL 1788679, at *2 (D. Neb. May 5, 2021) (quoting *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017)).

C. <u>Pro Se pleadings</u>

When reviewing a pro se complaint, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" entails that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See *McNeil v. United States*, 508 U.S. 106, 113 (1993).

III. DISCUSSION

In its Brief in Support of its Motion to Dismiss, DHHS argues that this Court does not have subject-matter jurisdiction over the issues raised in Mr. Franklin's Amended Complaint on two grounds: 1) that diversity jurisdiction and federal question jurisdiction are absent in this matter, and 2) that DHHS's sovereign immunity deprives this Court of subject matter jurisdiction. Filing No. 20, Brief in Support of Motion to Dismiss at 2. The Court agrees.

Mr. Franklin does not allege sufficient facts to demonstrate diversity of citizenship jurisdiction, nor does he assert claims sufficient to provide federal question jurisdiction. First, while Mr. Franklin alleges damages in excess of $75,000.00, he does not indicate that he and DHHS are citizens of different states. Thus, no diversity of citizenship jurisdiction exists. Second, Mr. Franklin asserts various tort claims, all of which are governed by state law. Even affording Mr. Franklin's Amended Complaint the most liberal construction, this Court finds that he fails to allege a non-frivolous claim of right or remedy under a federal statute. Thus, there is no federal question jurisdiction.

Further, Mr. Franklin's claims are barred by the State's Eleventh Amendment sovereign immunity because the State has not waived sovereign immunity for actions maintained in federal court. This is a such a case. Additionally, the State has not waived sovereign immunity for cases arising from intentional torts. The claims of this case include defamation, an intentional tort, and several other claims that also flow from the alleged defamation. Thus, Mr. Franklin's claims are barred by the State's sovereign immunity and, as such, this Court does not have subject matter jurisdiction in this case.

IT IS ORDERED that:

1. The Findings, Recommendations, and Order (Filing No. 48) is adopted in its entirety.

2. Plaintiff's Objection (Filing No. 49) is overruled.

3. Plaintiff's Motion for Conference Call (Filing No. 50) is denied.

4. The defendant's Motion to Dismiss (Filing No. 19) is granted.

5. This action is dismissed.

6. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 6th day of January, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge